UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES COY,

              Plaintiff,

                                        Case No. 12-CV-12052

vs.

                                        HON. GEORGE CARAM STEEH

RICK SNYDER, et al.,

              Defendants.

_____/

OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [DOC. 6]

This matter is before the court on defendants' motion to dismiss plaintiff's complaint alleging violations of his constitutional rights under 42 U.S.C. § 1983. For the reasons stated below, defendants' motion to dismiss is GRANTED.

FACTUAL BACKGROUND

Plaintiff Charles Coy is an African American male who is employed by the Michigan Department of Corrections (MDOC) at the Woodland Center Correctional Facility (Woodland). Plaintiff alleges that on January 15, 2010 he was beaten by inmates Demott, Lutz and Larsen during a disturbance at the Woodland Pod 7 B-wing dayroom. All of the inmates who assaulted Coy are Caucasian males. During the struggle, Demott allegedly made statements to plaintiff that he was going to kill him. As a result of the incident, plaintiff suffered a serious injury to his right eye.

Defendant Inspector Wanda Moore undertook an official investigation of the incident. Moore compiled statements from staff and inmate witnesses. According to plaintiff, all of the accounts support his story of what happened on January 15, 2010,

-1-

except for the statements of the three inmates.  In addition, there is a typewritten incident report attributed to plaintiff, but plaintiff disclaims authorship of said report.

After the investigation, Moore accused plaintiff of five work rules violations, including inappropriate physical contact, failure to enforce rules and regulations, inappropriate use of force, failure to submit accurate and complete reports, and fighting. Plaintiff contends that Moore's investigation came to a wrongful conclusion for two reasons - because he is African American and because Inmate Demott's mother has political ties in Lansing, Michigan.  According to plaintiff, the inaccurate and discriminatory investigation caused plaintiff to suffer severe depression.  This depression caused plaintiff to be placed on sick leave for 30 days by his physician. Plaintiff has been prescribed medication for depression, as well as counseling for a period of six months.

On August 17, 2010 a Disciplinary Conference was conducted by defendants Warden Kenneth Romanowski, Human Resources Officer Amy Hasbrouck, and Inspector Moore.  Plaintiff was represented by his union representative, but contends he was coerced into signing a settlement agreement with MDOC and the Michigan Corrections Organization, plaintiff's own union.  Plaintiff agreed to a one day suspension for failure to enforce rules and regulations and failure to submit accurate and complete reports.  Plaintiff is still employed by MDOC, and Inmate Demott is no longer assigned to the same facility as plaintiff.

Plaintiff avers that he made a written request to MDOC and Michigan's Attorney General that the three inmates be prosecuted for assaulting staff members.  According to plaintiff, such prosecutions had been undertaken in past instances when the inmates

were African American and the assaulted employees were Caucasian. Plaintiff alleges that defendants refused to permit the Livingston County prosecutor to investigate or prosecute the inmates for the assault on plaintiff, and specifically refused to turn over documents necessary for an investigation and prosecution.

Plaintiff contends that he was discriminated against as described due to his race and the fact that inmate Demott's mother is Lois Demott, the co-founder of Citizens for Prison Reform in Lansing, Michigan. Plaintiff's complaint alleges that the named defendants, in their individual and official capacities, violated 42 U.S.C. § 1983 based on disparate treatment (adverse employment decision) and denial of a public service (refusal to permit the Livingston County Prosecutor to investigate and prosecute the inmates involved in the altercation), and seeks monetary damages. In addition, plaintiff seeks injunctive relief in the form of an order permanently transferring Inmate Demott to a correctional facility outside the State of Michigan where the political ties of his mother will not influence the decisions of the defendants.

Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), (2), and (6), which is presently before the court.

DISMISSAL STANDARD

Rule 12(b)(1) permits dismissal for lack of jurisdiction over the subject matter. Where subject matter jurisdiction is challenged, the plaintiff has the burden of proving that subject matter jurisdiction is proper in order to survive a motion to dismiss. Michigan Southern RR Co. v. Branch & St. Joseph Counties Rail Users Auth., 895 F.2d 266, 269 (6th Cir. 1990).

Rule 12(b)(2) provides for dismissal for lack of personal jurisdiction, which is "proper if all the specific facts which the plaintiff alleges collectively fail to state a prima facie case for jurisdiction."  Compuserve, Inc. v. Patterson, 89 F.3d 1257, 1262 (6th Cir. 1996).

Rule 12(b)(6) allows the Court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted.  Under the Supreme Court's articulation of the Rule 12(b)(6) standard in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554-56 (2007), the Court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims.  "[N]aked assertions devoid of further factual enhancement" are insufficient to "state a claim to relief that is plausible on its face".  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  To survive a Rule 12(b)(6) motion for dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Bell Atlantic, 550 U.S. at 555) (citations and quotations omitted).  Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true."  Id. (citing Bell Atlantic, 550 U.S. at 555).

## ANALYSIS

### I. Section 1983 Claims

Both counts in plaintiff's complaint purport to state claims under 42 U.S.C. § 1983.  It is well established that government officials may not be held liable for the

-4-

2:12-cv-12052-GCS-MKM Doc # 13 Filed 10/02/12 Pg 5 of 8 Pg ID 142

unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); Monell v. New York City Dep't of Soc. Servs., 436 U.S. 568, 691 (1978). A claimed constitutional violation must be based on active unconstitutional behavior, and may not be based upon the mere failure to act. Grinter v. Knight, 532 F.3d 567, 575 (6th Cir. 2008). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676.

A.  Disparate Treatment

In this case, plaintiff has failed to plead how each defendant official, through his or her own actions, has violated the Constitution. For example, the only defendant identified as taking any specific action in relation to this matter is Wanda Moore. Moore is accused of conducting an inaccurate internal investigation and giving an inaccurate report on the use of force by plaintiff. (Complaint, ¶¶ 48-49). The Sixth Circuit has held that the act of investigating possible employee misconduct is not an adverse employment action. Dendinger v. Ohio, 207 Fed. Appx. 521, 527 (6th Cir. 2006) ("We have repeatedly held, however, that neither an internal investigation into suspected wrongdoing by an employee nor that employee's placement on paid administrative leave pending the outcome of such an investigation constitutes an adverse employment action.").

The investigation is not the adverse employment action. Rather, the court should look at the punishment to determine whether there has been an adverse employment action. Plaintiff states that he was coerced into entering a settlement agreement and receiving a one day suspension. Plaintiff does not identify which individual defendants

-5-

were involved in the alleged coercion. (Complaint, ¶ 56). In addition, a one day

suspension is de minimus and not sufficient to constitute an adverse employment

action. See Bowman v. Shawnee State Univ., 220 F.3d 456, 462 (6th Cir. 2000).

Where plaintiff has failed to identify any personal actions on the part of any

defendants, he has failed to state a plausible claim amounting to a deprivation of his

constitutional rights. See Iqbal, 556 U.S. at 678-79.

B. Denial of Public Service

Plaintiff alleges in Count II that he requested that his employer and former

Michigan Attorney General Mike Cox prosecute the inmates responsible for his physical

and mental injuries. (Complaint, ¶ 82). Plaintiff does not identify the individual from

MDOC to which he made the request to prosecute, notwithstanding the fact that no

such individual would have authority to initiate criminal prosecutions. In addition, the

current Attorney General, defendant William Schuette, cannot be sued under § 1983 for

an alleged prosecutorial decision of his predecessor. Even non-party Mike Cox is

protected by prosecutorial immunity.

Plaintiff further asserts that defendants refused to permit the Livingston County

Prosecutor to investigate or prosecute by "refusing to inform or turn over the necessary

documents" while allowing other inmates to be prosecuted in similar circumstances.

(Complaint, ¶¶ 83-87). Again, plaintiff fails to identify which individual defendant

actually failed to turn over documents or inform the county prosecutor of the assault.

The court is not aware of any caselaw supporting plaintiff's argument that a

criminal prosecution is a "public service" to which plaintiff was denied the full enjoyment

of, in violation of § 1983. Assuming plaintiff is correct, the individual MDOC defendants

do not have any control over county prosecutions, and therefore could not discriminate against plaintiff or deprive him of his constitutional rights in this regard. Plaintiff admits he did not report the incident directly to the Livingston County prosecutor. Count II, denial of a public service, is dismissed against all defendants for failure to state a claim upon which relief can be granted.

II.  Monetary Relief

Neither the state, nor state officials sued in their official capacity, may be held liable for federal constitutional rights violations. The Eleventh Amendment bars a § 1983 lawsuit brought by a citizen against his own state and state officials acting in their official capacities unless the state waives its immunity. Woefel v. Morris, 972 F.2d 712, 718 (6th Cir. 1992). Therefore, plaintiff's claims against the individual defendants sued in their official capacity for monetary damages are dismissed.

Plaintiff's claims against the individual defendants sued in their individual capacities are dismissed for the reasons stated in Section I.

III.  Injunctive Relief

Immunity does not apply where the lawsuit is filed against a state official requesting purely injunctive relief to enjoin the official from violating federal law. Ernst v. Rising, 427 F.3d 351, 358-59 (6th Cir. 2005). In this case, plaintiff alleges he suffered an adverse employment action and was denied a public service based on his race, and undue political influence of Inmate Demott's mother on defendants. The injunctive relief he seeks is for a non-party to the lawsuit (Inmate Demott) to be transferred to "a correctional facility outside the State of Michigan" to avoid having the defendants be improperly influenced by Lois Demott. This request is unrelated to the alleged

-7-

constitutional violations by defendants.  In addition, Demott is no longer assigned to the same facility where plaintiff is employed, so there is no compelling reason to transfer him out of MDOC custody and place him into the custody of a foreign jurisdiction.

IV.  Qualified Immunity

The doctrine of qualified immunity protects governmental officials performing discretionary functions from liability for civil damages as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  Plaintiff's inability to identify the constitutional wrong committed by each individual defendant requires dismissal of his suit on the basis of qualified immunity.

CONCLUSION

For the reasons stated, defendants' motion to dismiss is GRANTED and plaintiff's complaint is dismissed in its entirety.

Dated:  October 2, 2012

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 2, 2012, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk